# EXHIBIT A
## State Court Filings

Filing # 128348054 E-Filed 06/08/2021 04:17:28 PM

**IN THE COUNTY COURT OF THE 17th JUDICIAL CIRCUIT
IN AND FOR BROWARD COUNTY, FLORIDA**

ANTONIO CUEVAS,

    **Plaintiff,**

                                **Case No.**

v.

                                **JURY TRIAL DEMANDED**

EXPERIAN INFORMATION SOLUTIONS, INC.,
EQUIFAX INFORMATION SERVICES, LLC,
and TRANS UNION, LLC,

                                **INJUNCTIVE RELIEF SOUGHT**

    **Defendant.**

_____/

**VERIFIED COMPLAINT**

Plaintiff Antonio Cuevas ("Plaintiff") sues Defendant Experian Information Solutions, Inc., Defendant Equifax Information Services, LLC, and Defendant Trans Union, LLC (collectively, the "Defendants") for violations of the Fair Credit Reporting Act ("FCRA").

**JURISDICTION AND VENUE**

1. This Court has subject matter jurisdiction over Plaintiff and Defendants (collectively, the "Parties"), because the cause of action arises within the jurisdiction of this Court and, thus, venue and jurisdiction are proper.

2. This Court has personal jurisdiction over Defendants because Defendants are operating, present, and/or doing business within this jurisdiction and because the complained of conduct of Defendants occurred within Broward County, Florida.

3. The amount in controversy is greater than $8,000 exclusive of costs, interest, and attorneys' fees, and is otherwise within this Court's jurisdiction.

4. Venue of this action is proper in this Court because, pursuant to Fla. Stat. § 47.011, et seq., the cause of action alleged below arose in Broward County Florida.

## PARTIES

5. Plaintiff is a natural person, and a citizen of the State of Florida, residing in Broward County, Florida.

6. Defendant Experian Information Solutions, Inc. ("Experian") is an Ohio corporation whose registered agent in Florida is: CT Corporation, 1200 South Pine Island Road, Plantation, Florida 33324.

7. Defendant Equifax Information Services, LLC ("Equifax") is a Georgia limited liability company whose registered agent in Florida is Corporation Service Company, 1201 Hays Street, Tallahassee, Florida 32301-2525.

8. Defendant Trans Union, LLC ("TransUnion") is a Delaware limited liability company whose registered agent in Florida is Corporation Service Company, 1201 Hays Street, Tallahassee, Florida 32301-2525.

## DEMAND FOR JURY TRIAL

9. Plaintiff, respectfully, demands a trial by jury on all counts and issues so triable.

## ALLEGATIONS

10. Plaintiff's identity was stolen during the 2019 calendar year, whereby several credit accounts and addresses were opened on Plaintiff's credit file.

11. On or about December-2020, Plaintiff discovered the identity fraud when Plaintiff reviewed copies of Plaintiff's credit reports.

12. On January 25, 2020, Plaintiff executed with the Federal Trade Commission ("FTC") an Identity Theft Victims' Report and Affidavit (collectively, the "FTC Report & Affidavit").

13.     In the FTC Report and Affidavit, Plaintiff listed all the accounts, addresses, and inquires Plaintiff alleged were associated with identity theft.

## ALLEGATIONS INVOLVING EXPERIAN

14.     Experian is engaged in the business of credit reporting and is commonly referred to as a "Credit Bureau." Experian regularly obtains and analyzes financial information about consumers and compiles the information into "credit reports," which it provides to third parties.

15.     Experian is a "consumer reporting agency" as defined by § 1681a(f) of the FCRA.

16.     On July 1, 2020, October 5, 2020, January 8, 2021, February 19, 2021, and April 20, 2021, Plaintiff mailed disputes to Experian which contained the FTC Report and Affidavit, copies of Plaintiff's identification, social security card, and a utility bill, and included a personal statement and dispute alleging identity theft.

17.     Without any explanation or reason, Experian continues to refuse to block the credit accounts at issue and continues to report false, inaccurate, or otherwise incomplete information, about Plaintiff.

18.     Plaintiff has suffered damages as a result of the incorrect reporting and Experian's failure to correct the credit report pertaining to Plaintiff.

## ALLEGATIONS INVOLVING EQUIFAX

19.     Equifax is engaged in the business of credit reporting and is commonly referred to as a "Credit Bureau." Equifax regularly obtains and analyzes financial information about consumers and compiles the information into "credit reports," which it provides to third parties.

20.     Equifax is a "consumer reporting agency" as defined by § 1681a(f) of the FCRA.

21.     On July 1, 2020, October 5, 2020, January 8, 2021, February 19, 2021, and April 20, 2021, Plaintiff mailed disputes to Equifax which contained the FTC Report and Affidavit,

LAW OFFICES OF JIBRAEL S. HINDI, PLLC
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 |  Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

copies of Plaintiff's identification, social security card, and a utility bill, and included a personal statement and dispute alleging identity theft.

22. Without any explanation or reason, Equifax continues to refuse to block the credit accounts at issue and continues to report false, inaccurate, or otherwise incomplete information, about Plaintiff.

23. Plaintiff has suffered damages as a result of the incorrect reporting and Equifax's failure to correct the credit report pertaining to Plaintiff.

<b>ALLEGATIONS INVOLVING TRANSUNION</b>

24. TransUnion is engaged in the business of credit reporting and is commonly referred to as a "Credit Bureau." TransUnion regularly obtains and analyzes financial information about

25. TransUnion is a "consumer reporting agency" as defined by § 1681a(f) of the consumers and compiles the information into "credit reports," which it provides to third parties.

26. On July 1, 2020, October 5, 2020, January 8, 2021, February 19, 2021, and April 20, 2021, Plaintiff mailed disputes to TransUnion which contained the FTC Report and Affidavit, copies of Plaintiff's identification, social security card, and a utility bill, and included a personal statement and dispute alleging identity theft.

27. Without any explanation or reason, TransUnion continues to refuse to block the credit accounts at issue and continues to report false, inaccurate, or otherwise incomplete information, about Plaintiff.

28. Plaintiff has suffered damages as a result of the incorrect reporting and TransUnion's failure to correct the credit report pertaining to Plaintiff.

**LAW OFFICES OF JIBRAEL S. HINDI, PLLC**
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

COUNT 1
## WILLFUL VIOLATION OF THE FAIR CREDIT REPORTING ACT
(against Defendant Experian)

29.     Plaintiff incorporates by reference paragraphs 10 through 28 of this Complaint as though fully stated herein.

30.     This is an action for willful violation of the FCRA.

31.     Experian willfully failed to block the reporting of the accounts listed in the FTC Report & Affidavit despite its (Experian's) receipt of an identity theft packet from Plaintiff in violation of 15 U.S.C. § 1681c-2(a).

32.     Experian violated 15 U.S.C. § 1601(e) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files that Experian maintained concerning Plaintiff.

33.     Experian has willfully and recklessly failed to comply with the FCRA. The failures of Experian to comply with the FCRA include, but are not limited to, the following: **[a]** the failure to follow reasonable procedures to assure the maximum possible accuracy of the information reported; **[b]** the failure to correct erroneous personal information regarding Plaintiff after a reasonable request by Plaintiff; **[c]** the failure to remove and/or correct the inaccuracy and derogatory credit information after a reasonable request by Plaintiff; **[d]** the failure to promptly and adequately investigate information which Experian had notice was inaccurate; **[e]** the continual placement of inaccurate information into the credit report of Plaintiff after being advised by Plaintiff that the information was inaccurate; **[f]** the failure to note in the credit report that Plaintiff disputed the accuracy of the information; **[g]** the failure to promptly delete information that was found to be inaccurate, or could not be verified, or that the source of information had

LAW OFFICES OF JIBRAEL S. HINDI, PLLC
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

advised Experian to delete; and **[h]** the failure to take adequate steps to verify information Experian had reason to believe was inaccurate before including it in the credit report of the consumer.

34. The conduct, action and inaction of Experian was willful, thereby rendering Experian liable for actual, statutory, and punitive damages, in an amount to be determined by a judge and/or jury pursuant to 15 U.S.C. § 1681(n).

35. Plaintiff is entitled to recover reasonable costs and attorney's fees from Experian in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681(n).

36. Experian willfully failed to conduct a reasonable reinvestigation after receipt of Plaintiffs dispute of the accounts identified by the Plaintiff in the FTC Report & Affidavit in violation of 15 U.S.C. § 168li(a).

37. The appearance of the accounts on Plaintiff's credit report, *namely*, those accounts identified by Plaintiff in the FTC Report & Affidavit, was the direct and proximate result of Experian's willful failure to maintain reasonable procedures to assure the maximum possible accuracy of Plaintiff's credit report in violation of the 15 U.S.C. § 1681e(b).

38. Experian willfully failed to report accounts identified by Plaintiff in the FTC Report & Affidavit as "disputed" in violation of 15 U.S.C. § 168li(c).

39. As a result of the conduct, action, and inaction, of Experian, Plaintiff suffered damage by loss of credit, loss of ability to purchase and benefit from credit, and the mental and emotional pain, anguish, humiliation and embarrassment of credit denial.

40. WHEREFORE, Plaintiff, respectfully, requests this Court to enter a judgment against Defendant Experian, awarding Plaintiff the following relief: **[1]** actual damages pursuant to 15 U.S.C. § 1640(a)(1); **[2]** statutory damages pursuant to 15 U.S.C. § 1681n(a)(1)(A); **[3]**

statutory damages pursuant to 15 U.S.C. § 1640(a)(2); **[4]** *after reasonable showing by evidence in the record or proffered by Plaintiff which would provide a reasonable basis for recovery of such*, punitive damages pursuant to 15 U.S.C. § 1681n(a)(2); **[5]** costs and reasonable attorneys' fees pursuant to 15 U.S.C. §§ 1640(a)(3) and 1681n(a)(3); and **[6]** any other relief that this Court deems appropriate under the circumstances.

**COUNT 2**
### NEGLIGENT VIOLATION OF THE FAIR CREDIT REPORTING ACT
(against Defendant Experian)

41.     Plaintiff incorporates by reference paragraphs 10 through 28 of this Complaint as though fully stated herein.

42.     This an action for negligent violation of the FCRA.

43.     Experian negligently failed to block the reporting of the accounts listed in the FTC Report & Affidavit despite its (Experian's) receipt of an identity theft packet from Plaintiff in violation of 15 U.S.C. § 1681c-2(a).

44.     Experian violated 15 U.S.C. § 1601(e) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files that Experian maintained concerning the Plaintiff.

45.     Experian has negligently failed to comply with the FCRA. The failures of Experian to comply with the FCRA include, but are not limited to, the following: **[a]** the failure to follow reasonable procedures to assure the maximum possible accuracy of the information reported; **[b]** the failure to correct erroneous personal information regarding Plaintiff after a reasonable request by Plaintiff; **[c]** the failure to remove and/or correct the inaccuracy and derogatory credit information after a reasonable request by Plaintiff; **[d]** the failure to promptly and adequately investigate information which Experian had notice was inaccurate; **[e]** the

**LAW OFFICES OF JIBRAEL S. HINDI, PLLC**
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

continual placement of inaccurate information into the credit report of Plaintiff after being advised by Plaintiff that the information was inaccurate; **[f]** the failure to note in the credit report that Plaintiff disputed the accuracy of the information; **[g]** the failure to promptly delete information that was found to be inaccurate, or could not be verified, or that the source of information had advised Experian to delete; and **[h]** the failure to take adequate steps to verify information Experian had reason to believe was inaccurate before including it in the credit report of the consumer.

46. The conduct, action, and inaction, of Experian was negligent, thereby rendering Experian liable for actual, statutory, and punitive damages, in an amount to be determined by a judge and/or jury pursuant to 15 U.S.C. § 1681(n)

47. Plaintiff is entitled to recover reasonable costs and attorneys' fees from Experian in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681(n).

48. Experian negligently failed to conduct a reasonable reinvestigation after receipt of Plaintiffs dispute of the accounts identified by the Plaintiff in the FTC Report & Affidavit in violation of 15 U.S.C. § 168li(a).

49. The appearance of the accounts on Plaintiff's credit report, *namely*, those accounts identified by Plaintiff in the FTC Report & Affidavit, was the direct and proximate result of Experian's negligent failure to maintain reasonable procedures to assure the maximum possible accuracy of Plaintiff's credit report in violation of the 15 U.S.C. § 1681e(b).

50. Experian negligently failed to report accounts identified by the Plaintiff in the FTC Report & Affidavit as "disputed" in violation of 15 U.S.C. § 168li(c).

LAW OFFICES OF JIBRAEL S. HINDI, PLLC
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

51.     As a result of the conduct, action and inaction of Transunion, Plaintiff suffered damage by loss of credit, loss of ability to purchase and benefit from credit, and the mental and emotional pain, anguish, humiliation and embarrassment of credit denial.

52.     WHEREFORE, Plaintiff, respectfully, requests this Court to enter a judgment against Defendant Experian, awarding Plaintiff the following relief: **[1]** actual damages pursuant to 15 U.S.C. § 1681o(a)(1); **[2]** costs and reasonable attorneys' fees pursuant to 15 U.S.C. § 1681o(a)(2); and **[3]** any other relief that this Court deems appropriate under the circumstances.

## COUNT 3
## WILLFUL VIOLATION OF THE FAIR CREDIT REPORTING ACT
(against Defendant Equifax)

53.     Plaintiff incorporates by reference paragraphs 10 through 28 of this Complaint as though fully stated herein.

54.     This is an action for willful violation of the FCRA.

55.     Equifax willfully failed to block the reporting of the accounts listed in the FTC Report & Affidavit despite its (Equifax's) receipt of an identity theft packet from Plaintiff in violation of 15 U.S.C. § 1681c-2(a).

56.     Equifax violated 15 U.S.C. § 1601(e) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files that Equifax maintained concerning Plaintiff.

57.     Equifax has willfully and recklessly failed to comply with the FCRA. The failures of Equifax to comply with the FCRA include, but are not limited to, the following: **[a]** the failure to follow reasonable procedures to assure the maximum possible accuracy of the information reported; **[b]** the failure to correct erroneous personal information regarding Plaintiff after a reasonable request by Plaintiff; **[c]** the failure to remove and/or correct the inaccuracy and

**LAW OFFICES OF JIBRAEL S. HINDI, PLLC**
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 |  Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

derogatory credit information after a reasonable request by Plaintiff; **[d]** the failure to promptly and adequately investigate information which Equifax had notice was inaccurate; **[e]** the continual placement of inaccurate information into the credit report of Plaintiff after being advised by Plaintiff that the information was inaccurate; **[f]** the failure to note in the credit report that Plaintiff disputed the accuracy of the information; **[g]** the failure to promptly delete information that was found to be inaccurate, or could not be verified, or that the source of information had advised Experian to delete; and **[h]** the failure to take adequate steps to verify information Equifax had reason to believe was inaccurate before including it in the credit report of the consumer.

58.     The conduct, action and inaction of Equifax was willful, thereby rendering Equifax liable for actual, statutory, and punitive damages, in an amount to be determined by a judge and/or jury pursuant to 15 U.S.C. § 1681(n).

59.     Plaintiff is entitled to recover reasonable costs and attorney's fees from Equifax in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681(n).

60.     Equifax willfully failed to conduct a reasonable reinvestigation after receipt of Plaintiffs dispute of the accounts identified by the Plaintiff in the FTC Report & Affidavit in violation of 15 U.S.C. § 1681i(a).

61.     The appearance of the accounts on Plaintiff's credit report, *namely*, those accounts identified by Plaintiff in the FTC Report & Affidavit, was the direct and proximate result of Equifax's willful failure to maintain reasonable procedures to assure the maximum possible accuracy of Plaintiff's credit report in violation of the 15 U.S.C. § 1681e(b).

62.     Equifax willfully failed to report accounts identified by Plaintiff in the FTC Report & Affidavit as "disputed" in violation of 15 U.S.C. § 1681i(c).

**LAW OFFICES OF JIBRAEL S. HINDI, PLLC**
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

63. As a result of the conduct, action, and inaction, of Equifax, Plaintiff suffered damage by loss of credit, loss of ability to purchase and benefit from credit, and the mental and emotional pain, anguish, humiliation and embarrassment of credit denial.

64. WHEREFORE, Plaintiff, respectfully, requests this Court to enter a judgment against Defendant Equifax, awarding Plaintiff the following relief: **[1]** actual damages pursuant to 15 U.S.C. § 1640(a)(1); **[2]** statutory damages pursuant to 15 U.S.C. § 1681n(a)(1)(A); **[3]** statutory damages pursuant to 15 U.S.C. § 1640(a)(2); **[4]** *after reasonable showing by evidence in the record or proffered by Plaintiff which would provide a reasonable basis for recovery of such*, punitive damages pursuant to 15 U.S.C. § 1681n(a)(2); **[5]** costs and reasonable attorneys' fees pursuant to 15 U.S.C. §§ 1640(a)(3) and 1681n(a)(3); and **[6]** any other relief that this Court deems appropriate under the circumstances.

## COUNT 4
## NEGLIGENT VIOLATION OF THE FAIR CREDIT REPORTING ACT
(against Defendant Equifax)

65. Plaintiff incorporates by reference paragraphs 10 through 28 of this Complaint as though fully stated herein.

66. This an action for negligent violation of the FCRA.

67. Equifax negligently failed to block the reporting of the accounts listed in the FTC Report & Affidavit despite its (Equifax's) receipt of an identity theft packet from Plaintiff in violation of 15 U.S.C. § 1681c-2(a).

68. Equifax violated 15 U.S.C. § 1601(e) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files that Equifax maintained concerning the Plaintiff.

LAW OFFICES OF JIBRAEL S. HINDI, PLLC
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

69. Equifax has negligently failed to comply with the FCRA. The failures of Equifax to comply with the FCRA include, but are not limited to, the following: **[a]** the failure to follow reasonable procedures to assure the maximum possible accuracy of the information reported; **[b]** the failure to correct erroneous personal information regarding Plaintiff after a reasonable request by Plaintiff; **[c]** the failure to remove and/or correct the inaccuracy and derogatory credit information after a reasonable request by Plaintiff; **[d]** the failure to promptly and adequately investigate information which Equifax had notice was inaccurate; **[e]** the continual placement of inaccurate information into the credit report of Plaintiff after being advised by Plaintiff that the information was inaccurate; **[f]** the failure to note in the credit report that Plaintiff disputed the accuracy of the information; **[g]** the failure to promptly delete information that was found to be inaccurate, or could not be verified, or that the source of information had advised Experian to delete; and **[h]** the failure to take adequate steps to verify information Equifax had reason to believe was inaccurate before including it in the credit report of the consumer.

70. The conduct, action, and inaction, of Equifax was negligent, thereby rendering Equifax liable for actual, statutory, and punitive damages, in an amount to be determined by a judge and/or jury pursuant to 15 U.S.C. § 1681(n)

71. Plaintiff is entitled to recover reasonable costs and attorneys' fees from Equifax in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681(n).

72. Equifax negligently failed to conduct a reasonable reinvestigation after receipt of Plaintiffs dispute of the accounts identified by the Plaintiff in the FTC Report & Affidavit in violation of 15 U.S.C. § 168Ii(a).

73. The appearance of the accounts on Plaintiff's credit report, *namely*, those accounts identified by Plaintiff in the FTC Report & Affidavit, was the direct and

LAW OFFICES OF JIBRAEL S. HINDI, PLLC
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

proximate result of Equifax's negligent failure to maintain reasonable procedures to assure the maximum possible accuracy of Plaintiff's credit report in violation of the 15 U.S.C. § 1681e(b).

74. Equifax negligently failed to report accounts identified by the Plaintiff in the FTC Report & Affidavit as "disputed" in violation of 15 U.S.C. § 168li(c).

75. As a result of the conduct, action and inaction of Transunion, Plaintiff suffered damage by loss of credit, loss of ability to purchase and benefit from credit, and the mental and emotional pain, anguish, humiliation and embarrassment of credit denial.

76. WHEREFORE, Plaintiff, respectfully, requests this Court to enter a judgment against Defendant Equifax, awarding Plaintiff the following relief: **[1]** actual damages pursuant to 15 U.S.C. § 1681o(a)(1); **[2]** costs and reasonable attorneys' fees pursuant to 15 U.S.C. § 1681o(a)(2); and **[3]** any other relief that this Court deems appropriate under the circumstances.

### COUNT 5
### WILLFUL VIOLATION OF THE FAIR CREDIT REPORTING ACT
(against Defendant TransUnion)

77. Plaintiff incorporates by reference paragraphs 10 through 28 of this Complaint as though fully stated herein.

78. This is an action for willful violation of the FCRA.

79. TransUnion willfully failed to block the reporting of the accounts listed in the FTC Report & Affidavit despite its (TransUnion's) receipt of an identity theft packet from Plaintiff in violation of 15 U.S.C. § 1681c-2(a).

80. TransUnion violated 15 U.S.C. § 1601(e) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files that TransUnion maintained concerning Plaintiff.

PAGE | **13** of **18**

LAW OFFICES OF JIBRAEL S. HINDI, PLLC
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

81.     TransUnion has willfully and recklessly failed to comply with the FCRA. The failures of TransUnion to comply with the FCRA include, but are not limited to, the following: **[a]** the failure to follow reasonable procedures to assure the maximum possible accuracy of the information reported; **[b]** the failure to correct erroneous personal information regarding Plaintiff after a reasonable request by Plaintiff; **[c]** the failure to remove and/or correct the inaccuracy and derogatory credit information after a reasonable request by Plaintiff; **[d]** the failure to promptly and adequately investigate information which TransUnion had notice was inaccurate; **[e]** the continual placement of inaccurate information into the credit report of Plaintiff after being advised by Plaintiff that the information was inaccurate; **[f]** the failure to note in the credit report that Plaintiff disputed the accuracy of the information; **[g]** the failure to promptly delete information that was found to be inaccurate, or could not be verified, or that the source of information had advised Experian to delete; and **[h]** the failure to take adequate steps to verify information TransUnion had reason to believe was inaccurate before including said information in the credit report of the consumer.

82.     The conduct, action and inaction of TransUnion was willful, thereby rendering TransUnion liable for actual, statutory, and punitive damages, in an amount to be determined by a judge and/or jury pursuant to 15 U.S.C. § 1681(n).

83.     Plaintiff is entitled to recover reasonable costs and attorney's fees from TransUnion in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681(n).

84.     TransUnion willfully  failed to conduct a reasonable reinvestigation after receipt of Plaintiffs dispute of the accounts identified by the Plaintiff in the FTC Report & Affidavit in violation of 15 U.S.C. § 1681i(a).

LAW OFFICES OF JIBRAEL S. HINDI, PLLC
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 |  Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

85.     The appearance of the accounts on Plaintiff's credit report, *namely*, those accounts identified by Plaintiff in the FTC Report & Affidavit, was the direct and proximate result of TransUnion's willful failure to maintain reasonable procedures to assure the maximum possible accuracy of Plaintiff's credit report in violation of the 15 U.S.C. § 1681e(b).

86.     TransUnion willfully failed to report accounts identified by Plaintiff in the FTC Report & Affidavit as "disputed" in violation of 15 U.S.C. § 168li(c).

87.     As a result of the conduct, action, and inaction, of TransUnion, Plaintiff suffered damage by loss of credit, loss of ability to purchase and benefit from credit, and the mental and emotional pain, anguish, humiliation and embarrassment of credit denial.

88.     WHEREFORE, Plaintiff, respectfully, requests this Court to enter a judgment against Defendant TransUnion, awarding Plaintiff the following relief: **[1]** actual damages pursuant to 15 U.S.C. § 1640(a)(1); **[2]** statutory damages pursuant to 15 U.S.C. § 1681n(a)(1)(A); **[3]** statutory damages pursuant to 15 U.S.C. § 1640(a)(2); **[4]** *after reasonable showing by evidence in the record or proffered by Plaintiff which would provide a reasonable basis for recovery of such*, punitive damages pursuant to 15 U.S.C. § 1681n(a)(2); **[5]** costs and reasonable attorneys' fees pursuant to 15 U.S.C. §§ 1640(a)(3) and 1681n(a)(3); and **[6]** any other relief that this Court deems appropriate under the circumstances.

### COUNT 6
### NEGLIGENT VIOLATION OF THE FAIR CREDIT REPORTING ACT
(against Defendant TransUnion)

89.     Plaintiff incorporates by reference paragraphs 10 through 28 of this Complaint as though fully stated herein.

90.     This an action for negligent violation of the FCRA.

LAW OFFICES OF JIBRAEL S. HINDI, PLLC
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

91.     TransUnion negligently failed to block the reporting of the accounts listed in the FTC Report & Affidavit despite its (TransUnion's) receipt of an identity theft packet from Plaintiff in violation of 15 U.S.C. § 1681c-2(a).

92.     TransUnion violated 15 U.S.C. § 1601(e) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files that TransUnion maintained concerning the Plaintiff.

93.     TransUnion has negligently failed to comply with the FCRA. The failures of TransUnion to comply with the FCRA include, but are not limited to, the following: **[a]** the failure to follow reasonable procedures to assure the maximum possible accuracy of the information reported; **[b]** the failure to correct erroneous personal information regarding Plaintiff after a reasonable request by Plaintiff; **[c]** the failure to remove and/or correct the inaccuracy and derogatory credit information after a reasonable request by Plaintiff; **[d]** the failure to promptly and adequately investigate information which TransUnion had notice was inaccurate; **[e]** the continual placement of inaccurate information into the credit report of Plaintiff after being advised by Plaintiff that the information was inaccurate; **[f]** the failure to note in the credit report that Plaintiff disputed the accuracy of the information; **[g]** the failure to promptly delete information that was found to be inaccurate, or could not be verified, or that the source of information had advised Experian to delete; and **[h]** the failure to take adequate steps to verify information TransUnion had reason to believe was inaccurate before including said information in the credit report of the consumer.

94.     The conduct, action, and inaction, of TransUnion was negligent, thereby rendering TransUnion liable for actual, statutory, and punitive damages, in an amount to be determined by a judge and/or jury pursuant to 15 U.S.C. § 1681(n)

LAW OFFICES OF JIBRAEL S. HINDI, PLLC
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 |  Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

95.     Plaintiff is entitled to recover reasonable costs and attorneys' fees from TransUnion in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681(n).

96.     TransUnion negligently failed to conduct a reasonable reinvestigation after receipt of Plaintiffs dispute of the accounts identified by the Plaintiff in the FTC Report & Affidavit in violation of 15 U.S.C. § 1681i(a).

97.     The appearance of the accounts on Plaintiff's credit report, *namely*, those accounts identified by Plaintiff in the FTC Report & Affidavit, was the direct and proximate result of TransUnion's negligent failure to maintain reasonable procedures to assure the maximum possible accuracy of Plaintiff's credit report in violation of the 15 U.S.C. § 1681e(b).

98.     TransUnion negligently failed to report accounts identified by the Plaintiff in the FTC Report & Affidavit as "disputed" in violation of 15 U.S.C. § 1681i(c).

99.     As a result of the conduct, action and inaction of Transunion, Plaintiff suffered damage by loss of credit, loss of ability to purchase and benefit from credit, and the mental and emotional pain, anguish, humiliation and embarrassment of credit denial.

100.    WHEREFORE, Plaintiff, respectfully, requests this Court to enter a judgment against Defendant TransUnion, awarding Plaintiff the following relief: **[1]** actual damages pursuant to 15 U.S.C. § 1681o(a)(1); **[2]** costs and reasonable attorneys' fees pursuant to 15 U.S.C. § 1681o(a)(2); and **[3]** any other relief that this Court deems appropriate under the circumstances.

*[REMAINDER OF PAGE INTENTIONALLY LEFT BLANK]*

LAW OFFICES OF JIBRAEL S. HINDI, PLLC
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

Dated: June 5, 2021

Respectfully Submitted,

/s/ Jibrael S. Hindi
**JIBRAEL S. HINDI, ESQ.**
Florida Bar No.: 118259
E-mail:   jibrael@jibraellaw.com
**THOMAS J. PATTI, ESQ.**
Florida Bar No.: 118377
E-mail:   tom@jibraellaw.com
The Law Offices of Jibrael S. Hindi
110 SE 6th Street, Suite 1744
Fort Lauderdale, Florida 33301
Phone:   954-907-1136
Fax:      855-529-9540

*COUNSEL FOR PLAINTIFF*

## VERIFICATION

I, Antonio Cuevas, certify under penalty of perjury that the Allegations set forth above are true and accurate.

Antonio Cuevas (Jun 5, 2021 10:30 EDT)

Antonio Cuevas

**LAW OFFICES OF JIBRAEL S. HINDI, PLLC**
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 |   Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

# Antonio Cuevas

Final Audit Report                                                       2021-06-05

| | |
|---|---|
| Created: | 2021-06-05 |
| By: | Jibrael Hindi (jibrael@jibraellaw.com) |
| Status: | Signed |
| Transaction ID: | CBJCHBCAABAAhLbO6WdmQqtqCj_7xPmDwcOs4MKMYMal |

## "Antonio Cuevas" History

Document created by Jibrael Hindi (jibrael@jibraellaw.com)
2021-06-05 - 2:28:42 PM GMT- IP address: 134.56.45.46

Document emailed to Antonio Cuevas (getshitdone365@outlook.com) for signature
2021-06-05 - 2:29:07 PM GMT

Email viewed by Antonio Cuevas (getshitdone365@outlook.com)
2021-06-05 - 2:29:37 PM GMT- IP address: 107.72.178.73

Document e-signed by Antonio Cuevas (getshitdone365@outlook.com)
Signature Date: 2021-06-05 - 2:30:38 PM GMT - Time Source: server- IP address: 107.72.178.73

Agreement completed.
2021-06-05 - 2:30:38 PM GMT

 **Adobe Sign**

Filing # 128348054 E-Filed 06/08/2021 04:17:28 PM

**FORM 1.997.   CIVIL COVER SHEET**

The civil cover sheet and the information contained in it neither replace nor supplement the filing and service of pleadings or other documents as required by law. This form must be filed by the plaintiff or petitioner with the Clerk of Court for the purpose of reporting uniform data pursuant to section 25.075, Florida Statutes. (See instructions for completion.)

## I.      CASE STYLE

IN THE CIRCUIT COURT OF THE <u>SEVENTEENTH</u>   JUDICIAL CIRCUIT,
IN AND FOR <u>BROWARD</u>   COUNTY, FLORIDA

<u>Antonio Cuevas</u>
Plaintiff

Case # _____

Judge _____

vs.

<u>Experian Information Solutions, Inc., Equifax Information Services, LLC, Trans Union, LLC</u>
Defendant

## II.     AMOUNT OF CLAIM

Please indicate the estimated amount of the claim, rounded to the nearest dollar. The estimated amount of the claim is requested for data collection and clerical processing purposes only. The amount of the claim shall not be used for any other purpose.

☐  $8,000 or less
☒  $8,001 - $30,000
☐  $30,001- $50,000
☐  $50,001- $75,000
☐  $75,001 - $100,000
☐  over $100,000.00

## III.    TYPE OF CASE     (If the case fits more than one type of case,   select the most definitive category.) If the most descriptive label is a subcategory (is indented under a broader category), place an x on both the main category and subcategory lines.

**CIRCUIT CIVIL**

☐ Condominium
☐ Contracts and indebtedness
☐ Eminent domain
☐ Auto negligence
☐ Negligence—other
    ☐ Business governance
    ☐ Business torts
    ☐ Environmental/Toxic tort
    ☐ Third party indemnification
    ☐ Construction defect
    ☐ Mass tort
    ☐ Negligent security
    ☐ Nursing home negligence
    ☐ Premises liability—commercial
    ☐ Premises liability—residential
☐ Products liability
☐ Real Property/Mortgage foreclosure
    ☐ Commercial foreclosure
    ☐ Homestead residential foreclosure
    ☐ Non-homestead residential foreclosure
    ☐ Other real property actions

☐ Professional malpractice
    ☐ Malpractice—business
    ☐ Malpractice—medical
    ☐ Malpractice—other professional
☐ Other
    ☐ Antitrust/Trade regulation
    ☐ Business transactions
    ☐ Constitutional challenge—statute or ordinance
    ☐ Constitutional challenge—proposed amendment
    ☐ Corporate trusts
    ☐ Discrimination—employment or other
    ☐ Insurance claims
    ☐ Intellectual property
    ☐ Libel/Slander
    ☐ Shareholder derivative action
    ☐ Securities litigation
    ☐ Trade secrets
    ☐ Trust litigation

**COUNTY CIVIL**

☐ Small Claims up to $8,000
☒ Civil
☐ Real property/Mortgage foreclosure

- 2 -

☐ Replevins
☐ Evictions
    ☐ Residential Evictions
    ☐ Non-residential Evictions
☐ Other civil (non-monetary)

## COMPLEX BUSINESS COURT

This action is appropriate for assignment to Complex Business Court as delineated and mandated by the Administrative Order. Yes ☐ No ☒

**IV. REMEDIES SOUGHT** (check all that apply):
☒ Monetary;
☒ Nonmonetary declaratory or injunctive relief;
☐ Punitive

**V. NUMBER OF CAUSES OF ACTION:** [ ]
(Specify)

   <u>6</u>

**VI. IS THIS CASE A CLASS ACTION LAWSUIT?**
    ☐ yes
    ☒ no

**VII. HAS NOTICE OF ANY KNOWN RELATED CASE BEEN FILED?**
    ☒ no
    ☐ yes If "yes," list all related cases by name, case number, and court.

**VIII. IS JURY TRIAL DEMANDED IN COMPLAINT?**
    ☒ yes
    ☐ no

I CERTIFY that the information I have provided in this cover sheet is accurate to the best of my knowledge and belief, and that I have read and will comply with the requirements of Florida Rule of Judicial Administration 2.425.

Signature: <u>s/ Thomas John Patti III</u>       Fla. Bar # <u>118377</u>
        Attorney or party                  (Bar # if attorney)

<u>Thomas John Patti III</u>            <u>06/08/2021</u>
(type or print name)            Date

- 3 -

Case Number: COCE-21-032328 Division: 52

Filing # 128348054 E-Filed 06/08/2021 04:17:28 PM

## IN THE COUNTY COURT OF THE SEVENTEENTH JUDICIAL CIRCUIT
## IN AND FOR BROWARD COUNTY, FLORIDA

ANTONIO CUEVAS,

    **Plaintiff,**

                                       **CIVIL ACTION SUMMONS**

v.

EXPERIAN INFORMATION
SOLUTIONS, INC.,
EQUIFAX INFORMATION SERVICES,
LLC, and TRANS UNION, LLC.,

    **Defendant.**

_____ / Date: 6/25/21 Time: 9:05h

MCN #111

**SUMMONS** is a certified process server in the Circuit and County Courts in and for the Second Judicial Circuit

THE STATE OF FLORIDA:

To Each Sheriff of the State:

    YOU ARE COMMANDED to serve this summons and a copy of the complaint or petition in this action on Defendant:

TRANS UNION, LLC
c/o THE PRENTICE-HALL CORPORATION SYSTEM, INC.
1201 HAYS STREET
TALLAHASSEE, FL 32301

    Each defendant is required to serve written defenses to the complaint or petition on Plaintiff's attorney, Jibrael. S. Hindi, Esq., The Law Offices of Jibrael S. Hindi, PLLC, 110 SE 6th Street, Suite 1744, Fort Lauderdale, Florida 33301, within 20 days after service of this summons on that defendant, exclusive of the day of service, and to file the original of the defenses with the clerk of this court either before service on Plaintiff's attorney or immediately thereafter. If a defendant fails to do so, a default will be entered against that defendant for the relief demanded in the complaint or petition.

DATED on:      JUN 10 2021
_____

Brenda D. Forman, Clerk of the C

By: _____
    As Deputy Clerk

**BRENDA D. FORMAN**

PAGE | 1 of 2

## IMPORTANT

A lawsuit has been filed against you. You have 20 calendar days after this summons is served on you to file a written response to the attached complaint with the clerk of this court. A phone call will not protect you. Your written response, including the case number given above and the names of the parties, must be filed if you want the court to hear your side of the case. If you do not file your response on time, you may lose the case, and your wages, money, and property may thereafter be taken without further warning from the court. There are other legal requirements. You may want to call an attorney right away.

If you do not know an attorney, you may call an attorney referral service or a legal aid office (listed in the phone book). If you choose to file a written response yourself, at the same time you file your written response to the court you must also mail or take a copy of your written response to the "Plaintiff/Plaintiff's Attorney" named below.

## IMPORTANTE

Usted ha sido demandado legalmente. Tiene 20 dias, contados a partir del recibo de esta notificacion, para contestar la demanda adjunta, por escrito, y presentarla ante este tribunal. Una llamada telefonica no lo protegera. Si usted desea que el tribunal considere su defensa, debe presentar su respuesta por escrito, incluyendo el numero del caso y los nombres de las partes interesadas. Si usted no contesta la demanda a tiempo, pudiese perder el caso y podria ser despojado de sus ingresos y propiedades, o privado de sus derechos, sin previo aviso del tribunal. Existen otros requisitos legales. Si lo desea, puede usted consultar a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a una de las oficinas de asistencia legal que aparecen en la guia telefonica.

Si desea responder a la demanda por su cuenta, al mismo tiempo en que presenta su respuesta ante el tribunal, debera usted enviar por correo o entregar una copia de su respuesta a la persona denominada abajo como "Plaintiff/Plaintiff's Attorney" (Demandante o Abogado del Demandante).

Respectfully Submitted,

/s/ Jibrael S. Hindi
**JIBRAEL S. HINDI, ESQ.**
Florida Bar No.: 118259
E-mail:   jibrael@jibraellaw.com
THE LAW OFFICES OF JIBRAEL S. HINDI
110 SE 6th Street, Suite 1744
Fort Lauderdale, Florida 33301
Phone:    954-907-1136
Fax:      855-529-9540

*COUNSEL FOR PLAINTIFF*